UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL QUINTEROS,<br><br>                               Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                               Respondent. | Case No.: 16-cv-583 JLS (JLB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION**<br><br>(ECF Nos. 1, 16) |

      Presently before the Court are Petitioner's Petition for Writ of Habeas Corpus ("Pet."), (ECF No. 1), and Magistrate Judge Jill L. Burkhardt's Report and Recommendation for Order Denying Petition for Writ of Habeas Corpus ("R. & R."), (ECF No. 16).

      Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's Report and Recommendation. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614,

617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In the present case, Petitioner's objections were due by May 29, 2017. (R. & R. 24.) Nearly a month has passed since the due date, and the Court has heard nothing from Petitioner. Accordingly, Petitioner failed to timely object to the Report and Recommendation.[1]

Finally, having reviewed the Report and Recommendation, the Court finds that it is well reasoned and contains no clear error. Petitioner claims that his co-Defendant's attack on Counsel during trial—and the several resulting effects—were so inherently prejudicial to Petitioner that he was deprived of his constitutional right to trial by an impartial jury. (*See generally* Pet.) However, the trial judge conducted appropriate inquiry with the jurors and dismissed those he felt could no longer be fair and impartial; and all indications are that remaining the jurors ultimately delivered a mixed verdict regarding Petitioner precisely because they considered only the evidence presented at trial. (*See generally* R. & R.); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (explaining that habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)). Further, Petitioner's claims regarding the prejudicial effect of being shackled during trial were

---

[1] Several filings in this case were sent to Petitioner but returned as undeliverable. (ECF Nos. 6, 15.) However, these undelivered documents were sent to the same address that Petitioner originally indicated on his Petition. (*Compare* ECF No. 1, *with* ECF Nos. 6, *and* 15.) And during the course of this litigation Petitioner has previously successfully received documents at that address. (*Compare* Order Dismissing Case Without Prejudice, ECF No. 2 (explaining that Petitioner could proceed with case by submitting "no later than May 13, 2016, a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee" (emphases removed)), *with* ECF No. 3 (filing fee receipt, paid on May 13, 2016).) Accordingly, Plaintiff was under a duty to notify the Court of any change of address. *See* Civ. L.R. 83.11(b) (explaining that if mail is returned and a pro se plaintiff fails to "notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute").

raised and rejected for the first time on appeal, and therefore were denied on an adequate and independent state ground that would be improper for this Court to consider on federal habeas review. *See Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) ("We do not address this contention because it is procedurally barred. The California Supreme Court concluded that Bonin had failed to raise properly any objection during his trial."). And the record reflects that even if the jurors did, in fact, see Petitioner in leg or hand restraints, such viewing was brief and harmless given the weight of the state's evidence and the jurors' ultimately mixed verdict.

Given the foregoing, the Court therefore (1) **ADOPTS** in its entirety Judge Burkhardt's Report and Recommendation, (ECF No. 16), and (2) **DENIES WITH PREJUDICE** the Petition, (ECF No. 1).

**IT IS SO ORDERED.**

Dated: June 21, 2017

Hon. Janis L. Sammartino
United States District Judge