# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL QUINTEROS,<br><br>                Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                Respondent. | Case No.: 16-CV-583 JLS (JLB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 21) |

Presently before the Court is Petitioner's Motion to Permit Late Filing of Objections ("MTN", ECF No. 21). The Court construed Petitioner's motion as one for reconsideration of the Court's Order adopting Magistrate Judge Burkhardt's Report and Recommendation. (ECF No. 22.) Respondent did not file a Reply to Petitioner's objections. After considering Petitioner's arguments and the law, the Court **DENIES** Petitioner's motion.

## BACKGROUND

Judge Burkhardt's Report and Recommendation ("R&R") contains a thorough and accurate recitation of the factual and procedural histories underlying the instant motion. (*See* ECF No. 16, at 1–6.) The R&R recommended denying Petitioner's Petition for Writ of Habeas Corpus. (*Id.* at 23–24.) Any objections to the R&R were due by May 29, 2017. (*Id.* at 24.) No objections were filed by this date, and on June 21, 2017, the Court adopted the R&R. (ECF No. 17.) On July 14, 2017, Petitioner filed a Motion to Permit Late Filing

of Objections. (ECF No. 21.) Due to Petitioner's untimely filing, the Court construed Petitioner's motion as one for reconsideration. (ECF No. 22.) In his motion, Petitioner objects to various aspects of the R&R.[1]

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Petitioner outlines three objections to the R&R. (*See generally* MTN.) The Court considers each in turn.

First, Petitioner argues Judge Burkhardt erred in concluding Petitioner's Sixth and Fourteenth Amendment rights were not violated by his co-defendant's attack on counsel

---

[1] Petitioner's objections are attached to his Motion. (*See* MTN 5–11.)

during trial. (MTN 1–3.) Specifically, Petitioner argues he was prejudiced by the attack, and the "Magistrate [Judge] has not put forth any case law wherein a violent act by a defendant did not result in a prejudiced jury." (*Id.* at 2.) Petitioner raises no new evidence or cites to any change in the law. Further, the Court finds no evidence Judge Burkhardt committed clear error or the R&R was manifestly unjust. Judge Burkhardt concluded the California Court of Appeal followed clearly established federal law in concluding the presumption of prejudice to Petitioner by the jurors' exposure to extrinsic evidence (i.e. the attack on counsel) was rebutted by other evidence, which was collected by the trial court at an in camera review. (R&R 11.) Judge Burkhardt also concluded even if it were constitutional error not to declare a mistrial due to the jury's exposure to extrinsic evidence, any such error would be harmless. (*Id.* at 12.) Judge Burkhardt found Petitioner has not shown that juror misconduct, if any, had a "substantial and injurious effect or influence in determining the jury's verdict[]" under *Brecht v. Abrahamson*, 507 U.S. 619 (1993) (R&R 12.) The Court agrees. Finally, Petitioner argues Juror Number Two's statements proved Petitioner's co-defendant's attack on counsel affected the jury. (MTN 3.) The Court finds no clear error or manifest injustice in Judge Burkhardt's conclusion that it was objectively reasonable for the trial court to determine Juror Number Two could be a fair and impartial juror based on the in camera review. (R&R 15.) Therefore, the Court **DENIES** Petitioner's Motion on this claim.

Second, Petitioner argues Judge Burkhardt erred in concluding Petitioner's right to due process of law was not violated by being restrained during trial in front of the jury. (MTN 3–4.) Judge Burkhardt concluded Petitioner's claim was procedurally defaulted because Petitioner did not challenge the use of physical restraints at trial and raised his challenge for the first time on appeal. (R&R 18.) In his motion, Petitioner argues he can show "cause and prejudice excusing the default" due to ineffective assistance of counsel. (MTN 3 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014)). Petitioner argues because his trial counsel failed to object to Petitioner's restraints during trial, this amounts to ineffective assistance of counsel. (*Id.* at

4.) Petitioner has not raised an ineffective assistance of counsel argument prior to the current motion. The Court finds there is no evidence Petitioner could not have reasonably raised this argument earlier and it is therefore improper under a motion for reconsideration. *See Kona Enters.*, 229 F.3d at 890. Even if this argument was procedurally proper, Petitioner has not shown his counsel's actions rose to the level of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668. Petitioner merely states his counsel's failure to object to the restraints was "below any objective standard of reasonableness, and prejudiced the Petitioner, in that he was lumped together with the mad actions of [his co-Defendant]." (MTN 4.) Accordingly, this argument fails.

Petitioner also argues Judge Burkhardt erred in concluding even if Petitioner's claim was not procedurally barred, or even if the use of physical restraints during trial violated Petitioner's right to due process, any error was harmless. (R&R 18, 22.) Petitioner argues the use of restraints "clearly tainted the jury against the Petitioner[]" and unduly prejudiced him. (MTN 4–5.) Petitioner raises no new evidence or cites to any change in the law. The Court finds no clear error or manifest unjust in Judge Burkhardt's conclusion of harmless error. Accordingly, the Court **DENIES** Petitioner's Motion on this claim.

Third, Petitioner argues the facts set forth in his Petition entitle him to an evidentiary hearing. (MTN 6.) Judge Burkhardt found Petitioner failed to satisfy 28 U.S.C. § 2254(d) and denied Petitioner's request for an evidentiary hearing. (R&R 23.) In his motion, Petitioner provides little argument to support his position and states he "contends he has put forth facts in his petition that entitle him to relief. Therefore, at a minimum, the Court should order an evidentiary hearing . . . ." (MTN 6.) Finding no basis to reconsider Judge Burkhardt's decision denying an evidentiary hearing, the Court **DENIES** Petitioner's Motion on this claim.

\\\
\\\
\\\

4

16-CV-583 JLS (JLB)

## CONCLUSION

Given the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 21).

**IT IS SO ORDERED.**

Dated: September 18, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge